

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison, Executive Director
State Department of Public Welfare
Austin, Texas

Dear Mr. Murchison:       Opinion No. O-5143

                        Re:  Exemption of proceeds of sale
                               of homestead in administering
                               old age assistance fund.

       This opinion is given in response to your request,
as follows:

       "House Bill 611, Acts of the 47th Legisla-
ture, Regular Session, Section 20, subsection
(6), provides:

       "'An applicant for old age as-
sistance shall not be denied assist-
ance because of the ownership of a
resident homestead as the term "resi-
dent homestead" is defined in the
Constitution and laws of the State
of Texas.'

       "House Bill 611 further provides, un-
der Section 20, subsection (5), and Sec-
tion 21, that in the determination of
eligibility the Department must take into
consideration all resources available to
the applicant.

       "Article 3834, Revised Civil Statutes
of Texas, provides:

       "'The proceeds of the voluntary sale
of the homestead shall not be subject to
garnishment or forced sale within six
months after such sale.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. S. Murchison - page 2

"The Courts have held in some cases that
compensation received from homestead property
under condemnation proceedings is likewise
exempt.

"In determining eligibility for old age
assistance the fact that an applicant has a
resident homestead does not effect his eligibil-
ity; on the other hand, it is necessary to con-
sider income from the homestead in determining
eligibility.

"Because of the many army camps in Texas
many old age assistance recipients are being
forced to sell their homestead property; there-
fore, we submit to you the following questions:

"(1) Does the law give 'home-
stead character' to proceeds from
the sale of homestead so as to ex-
empt from consideration such pro-
ceeds in determining eligibility
for old age assistance?

"(2) If the answer to ques-
tion one is 'yes', then for what
period of time are the proceeds
from the sale of the homestead ex-
empt from consideration insofar
as eligibility for old age assist-
ance is concerned?

"(3) Would the answers to ques-
tions one and two be changed in any
manner if the homestead property was
sold involuntarily because of Govern-
ment action?"

(1)   The principle of homestead exemptions is a
wholesome and deeply-cherished one in Texas, and the uni-
versal rule of construction with respect thereto is a
liberal one.

Article 3834 of the Revised Civil Statutes de-
clares:

Honorable J. S. Murchison - page 3

> "The proceeds of the voluntary sale of
> the homestead shall not be subject to gar-
> nishment or forced sale within six months
> after such sale."

The obvious purpose of this statute is to aid
the general exemption of the homestead from forced sale
by giving to the owner thereof the reasonable opportun-
ity to sell the same and reinvest the proceeds in
another without jeopardizing the family home.

Where such proceeds of a voluntary sale are,
within the six months of the statute, reinvested in
other exempt property, such other exempt property, of
course, immediately becomes immune from a creditor's
forced sale; but unless such proceeds are so invested,
they then become liable to creditors as non-exempt
property. Simmons-Newsome Co. v. Malin, 196 S. W. 281.
The proceeds of such a sale during the six months grace
and protection allowed by the statute occupy precisely
the same status as though such homestead still existed --
that is, they take the place of the homestead for all
legal purposes.

Subsection (d) of Section 20 of H. B. 611, Acts
of the 47th Legislature, regular session, as quoted by you,
forbids the denying of assistance because of the ownership
by the applicant of a residence homestead, thus recogniz-
ing the principles of exemption above mentioned.

Your first question, therefore, should be answer-
ed in the affirmative; to answer otherwise would be to com-
pel the owner of such homestead to forfeit his statutory
exemption or be denied deserving assistance. Such is not
the policy of the law.

(2) By the analogies above discussed, the exempt
character of the proceeds, extending for six months as it
does, it would follow that that period would apply in the
administration of the old age assistance fund. That is to
say, it is only after the lapse of six months from the sale
that the Board would be required or authorized to take into
account such proceeds as any other money or funds on hand
by the applicant.

(3) The answer to (1) and (2) above would be the
same in case the sale of the homestead property was invol-
untary, as by an involuntary or enforced sale.

674

This last answer should be qualified to an extent. The statute does not specially exempt the proceeds of an involuntary sale of the homestead, such as the compensation paid upon a condemnation for a public use, or the surplus remaining after the payment of a lien upon foreclosure proceedings. Such proceeds are exempt, however, for a reasonable time, as a part of the exemption of the thing itself, by construction. (Hunter v. Wooldert, 55 Tex. 433).

So, also, it has been held that the proceeds of an insurance policy when collected are exempt for a reasonable time.

What is a reasonable time is a question of fact, under the circumstances of the particular case.

By analogy we think the applicant for assistance should not be charged with such proceeds for at least six months.

APPROVED MAR 25, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTE
BY
CHAIRMAN